IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS ORLANDO TAITE, ) <br> a/k/a DRELIJAH J. ) <br> MUHAMMAD-ALI, # 180644, ) <br>   ) <br> Petitioner, ) <br>   ) CIVIL ACTION NO. <br> v. ) 2:21-CV-62-RAH-JTA <br>   ) [WO] <br> JIMMY THOMAS, *et al.*, ) <br>   ) <br> Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 18, 2021, Petitioner, an Alabama inmate at Bibb Correctional Facility, filed a petition on the form for a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. The disjointed and largely unintelligible claims in the petition appear to challenge the validity of Petitioner's state conviction and sentence. *Id.* at 5–10. With the petition, Petitioner submitted the form for an application to proceed *in forma pauperis* ("IFP application"), which Petitioner failed to complete. Doc. 2. On February 12, 2021, the Court entered an order directing Petitioner to either submit the $5.00 filing fee by February 26, 2021, or submit a properly completed IFP application by the same date. Doc. 3. The Court advised Petitioner that his IFP application had to be accompanied by a prison account statement from the account clerk at Bibb Correctional Facility with the account clerk's certified statement of the balance in Petitioner's prison account when he filed his petition. *Id.* at 1. The Court specifically cautioned Petitioner that his failure to comply with its order would result in a recommendation that his case be dismissed. *Id.* at 2.

On February 26, 2021, Petitioner filed a motion styled as a "Writ to Vacate Judgment of Fraudulent Order 02/12/2021 under Fed. R. Civ. P Rules 56(g) and Fed. R. Civ. P. 60(b)(4) Ex Mero Motu," in which he objected to the Court's order of February 12, 2021. Doc. 4. The District Court construed the motion as an objection to the order of February 12, 2021, and then overruled the objection. Doc. 5.

The requisite time for Petitioner to comply with the Court's order of February 12, 2021, has passed without Petitioner submitting either the $5.00 filing fee or a properly completed IFP application accompanied by his prison account statement from the account clerk at Bibb Correctional Facility. Consequently, the Court concludes that dismissal of this action without prejudice is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED WITHOUT PREJUDICE because Petitioner has failed to comply with the Court's order that he submit either the $5.00 filing fee or a properly completed IFP application accompanied by his prison account statement from the account clerk at Bibb Correctional Facility.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 30, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 15th day of March, 2021.

                                         /s/ Jerusha T. Adams
                                         JERUSHA T. ADAMS
                                         UNITED STATES MAGISTRATE JUDGE